

DREIER STEIN KAHAN
BROWNE WOODS GEORGE LLP
Andrew F. Kim (No. 156533)
akim@dreierstein.com
William A. Finkelstein (No. 213382)
wfinkelstein@dreierstein.com
The Water Garden,
1620 26th Street, 6th Fl., North Tower
Santa Monica, CA 90404
Telephone: (424) 202-6052
Facsimile: (424) 202-6252

PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
Jonathan S. Jennings (pro hac vice pending)
J. Michael Monahan, II (pro hac vice pending)
David C. Hilliard (pro hac vice pending)
311 South Wacker Drive, Suite 5000
Chicago, IL 60606
Telephone: (312) 554-8000

Attorneys for Plaintiffs
PEPSICO, INC., NEW CENTURY
BEVERAGE COMPANY, and THE
CONCENTRATE MANUFACTURING
COMPANY OF IRELAND, also trading as
SEVEN-UP INTERNATIONAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPSICO, INC., a North Carolina corporation, NEW CENTURY BEVERAGE COMPANY, a California corporation, and THE CONCENTRATE MANUFACTURING COMPANY OF IRELAND, also trading as SEVEN-UP INTERNATIONAL, a corporation of the Republic of Ireland, and<br><br>Plaintiffs,<br><br>vs.<br><br>IRIE MOTIVATIONS, INC. d/b/a SAFE WORLD, a California corporation, WON TAK KONG, an individual, EAGLE EYE PRODUCTS, INC., a California corporation, and SHELDON A. LENTER, an individual,<br><br>Defendants. | CASE NO. CV08-2242 RSWL (CTx)<br><br>[PROPOSED] ORDER FOR TEMPORARY RESTRAINING ORDER, ORDER FOR EXPEDITED DISCOVERY, INCLUDING A REQUEST FOR ENTRY ONTO DEFENDANTS' PREMISES FOR INSPECTION, AND A RECALL |

[PROPOSED] ORDER FOR
TEMPORARY RESTRAINING ORDER

Dockets.Justia.com

This case having been presented to this Court on the ___ day of _____, 2008, upon the motion of Plaintiffs, PepsiCo, Inc. ("PepsiCo"), New Century Beverage Company ("NCB"), and The Concentrate Manufacturing Company of Ireland, also trading as Seven-Up International ("CMCI"), for a temporary restraining order, order of expedited discovery, including an inspection, and a recall, as well as a request for hearing on a motion for an order to show cause for preliminary injunction, and it appearing from the allegations of the Complaint, the Declarations of Elizabeth Bilus, Linda Gromadzki, Michael Imperato, and Carlo Salas and the accompanying Memorandum of Law that Plaintiffs are entitled to such relief; further appearing that Plaintiffs, their PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MUG and MANZANITA SOL marks and the public will be irreparably injured by the manufacture, advertising and sale of products by defendants, IRIE Motivations, Inc. d/b/a "Safe World," Won Tak Kong a/k/a "David Kong," Eagle Eye Products, Inc. and Sheldon A. Lenter (hereinafter, collectively, "Defendants"), consisting of:

    A.    converted bottles bearing infringing PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MUG and MANZANITA SOL trademarks but filled with liquids that are not Plaintiffs' products; and

    B.    converted cans bearing infringing PEPSI, DIET PEPSI, MOUNTAIN DEW, MUG and SIERRA MIST trademarks.

This Court having granted Plaintiffs' motion for a temporary restraining order, order of expedited discovery, including an inspection, and a recall, as well as a request for hearing on a motion for an order to show cause for preliminary injunction with respect to Defendants, and it being further determined from the specific facts recited in the moving papers, memorandum of law, declarations and exhibits that Plaintiffs submitted that Plaintiffs are likely to succeed on the merits in showing that:

1  A. Defendants infringed the PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MANZANITA SOL and MUG marks in connection with the manufacture, advertising and sale of bottle safes that contain simulated soft drinks and drinking water; and

B. Defendants infringed the PEPSI, DIET PEPSI, MOUNTAIN DEW, MUG and SIERRA MIST marks in connection with the manufacture, advertising and sale of can safes.

Plaintiffs also are able to show that:

A. immediate and irreparable injury will occur if Defendants are not restrained;

B. the harm to Plaintiffs of denying the Order outweighs the harm to the Defendants' legitimate interests; and

C. harm to the public interest will occur if Defendants are not restrained;

IT IS HEREBY ORDERED:

TEMPORARY RESTRAINING ORDER:

A. That pending the hearing on Plaintiffs' Motion for a Preliminary Injunction, which the Court hereby sets for April 22, 2008, commencing at 10 [a.m./p.m.], unless the date of the hearing is extended by agreement of the parties and/or the Court, defendants, IRIE Motivations, Inc., d/b/a "Safe World" and Won Tak Kong a/k/a "David Kong," Eagle Eye Products, Inc. and Sheldon A. Lenter and their agents, servants, employees, officers, attorneys, successors and assigns, and all persons in active concert or participation with them who receive actual notice of such Order, are enjoined and restrained from:

1. Manufacturing, distributing, selling, offering for sale, advertising or promoting, hiding or destroying, Infringing Safes consisting of bottles, hideaway bottles, stash bottles or bottle safes bearing any of Plaintiffs' trademarks, including the trademarks, PEPSI, DIET PEPSI, MOUNTAIN DEW,

DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP

|   |   |   |
|---|---|---|
| 1 |   | SIERRA MIST, AQUAFINA, MUG and MANZANITA SOL |
| 2 |   | or any materials bearing a colorable imitation of these |
| 3 |   | trademarks (hereinafter "Bottle Safes"); |
| 4 | 2. | Manufacturing, distributing, selling, offering for sale, |
| 5 |   | advertising or promoting, hiding or destroying, Infringing Safes |
| 6 |   | consisting of cans, can safes or stash cans bearing any of |
| 7 |   | Plaintiffs' trademarks, including the trademarks, PEPSI, DIET |
| 8 |   | PEPSI, MOUNTAIN DEW, MUG and SIERRA MIST or any |
| 9 |   | materials bearing a colorable imitation of these trademarks |
| 10 |   | (hereinafter "Can Safes"); |
| 11 | 3. | Doing any other act or thing likely to confuse, mislead or |
| 12 |   | deceive members of the public into believing that Defendants' |
| 13 |   | Bottle Safes or Can Safes (collectively, "Infringing Safes") |
| 14 |   | emanate from, or are connected with, licensed, sponsored or |
| 15 |   | approved by Plaintiffs; |
| 16 | 4. | Destroying, moving, hiding, distributing or otherwise disposing |
| 17 |   | of any documents, equipment, machinery or things relating to |
| 18 |   | the manufacturing, sale, distribution, advertising or promotion |
| 19 |   | of the Infringing Safes, including documents and equipment |
| 20 |   | relating to Defendants' manufacture of Infringing Safes, the |
| 21 |   | identity of other sources or manufacturers of Infringing Safes, |
| 22 |   | Defendants' distribution, sale, advertising and promotion of the |
| 23 |   | Infringing Safes and documents relating to Defendants' |
| 24 |   | purchase or receipt of bottles or labels bearing the PEPSI, DIET |
| 25 |   | PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, |
| 26 |   | MUG or MANZANITA SOL marks, or Defendants' purchase |
| 27 |   | and receipt of cans bearing the PEPSI, DIET PEPSI, |
| 28 |   | MOUNTAIN DEW, MUG or SIERRA MIST marks. It being |

DREIER STEIN KAHAN
BROWNE WOODS GEORGE LLP

|   |   |
|---|---|
| 1 | recognized that such documents shall consist of any writings, correspondence, notes, books, e-mail messages, memoranda, invoices, purchase orders, receipts, pamphlets, reports, account books, rolodex information, calendars, photographs, slides, videotapes, films, drawings, sketches, illustrative materials, magnetic recording tapes, computer records or data, web sites, microfilm and other storage means by which information is retained in retrievable form, and all other materials whether printed, typewritten, handwritten, recorded, or reproduced by any process and whether in final or draft form; and it being recognized that such machinery consist of any article of production by which the Infringing Safes are made, altered, fashioned or put into final form; |

DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP

5. Contacting, or having someone else contact, any other sources or manufacturers of Infringing Safes bearing the trademarks, PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MUG or MANZANITA SOL, or any source of Defendants' bottles, cans or labels or other components of Defendants' Infringing Safes bearing the trademarks PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MUG or MANZANITA SOL, until further order of this Court; and

6. Assisting, aiding or abetting any other person or business entity in engaging in any of the activities prohibited in subparagraphs (a) through (e) above;

BOND:

B. That a bond in the sum of $____∅____ be posted to secure the actions taken under this Order;

SERVICE:

C. That, sufficient cause having been shown, service of this Order shall be made by overnight mail;

EXPEDITED DISCOVERY:

D. That Defendants shall respond to Plaintiffs' discovery requests by:

1. Permitting Andrew F. Kim, a member of the California bar, J. Michael Monahan, II, a member of the Illinois bar, persons acting under their supervision and a computer expert, in accordance with Plaintiffs' Request For Entry Onto Defendant's Premises For Inspection Pursuant To FRCP 34 and Order For Expedited Discovery that have been served upon Defendants, entry onto Defendants' premises where the manufacture and sale of the Infringing Safes have taken place, which are located at:

   (a) 8136 Deering Avenue, Canoga Park, California 91304;

   (b) 5195 Douglas Fir Road, Calabasas, California 91302;

   (c) 2530 Corporate Place, Suite #109, Monterey Park, California 91754; and

   (d) any other place that Defendants have manufactured, stored, sold or destroyed the Infringing Safes;

2. Beginning on a date seven (7) days after the date Defendants have been served with a copy of this Order, or a date mutually agreed upon by the parties, for the purpose of inspecting and photographing the areas of Defendants' premises where they manufacture, sell or store the Infringing Safes for the purpose

DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP

of inventorying the Infringing Safes, and Defendants shall provide access to and passwords for Defendants' computers, computer databases, files and hard drives used to store information pertaining to their business for the purpose of allowing the inspection and copying of any electronically stored information relating to the Infringing Safes;

3. Producing documents and things responsive to Plaintiffs' First Requests For Production Of Documents And Things Pursuant To Order For Expedited Discovery that have been served upon Defendants and producing said documents and materials within ten (10) days after the date Defendants have been ordered to comply and have received Plaintiffs' documents requests at the offices of Dreier Stein Kahan Browne Woods George LLP, 1620 26th Street, Sixth Floor, North Tower, Santa Monica, California 90404;

4. Producing Won Tak Kong a/k/a "David Kong," and a 30(b)(6) witness, as directed in Plaintiffs' deposition notices that have been served upon Defendants, beginning on a date fourteen (14) days after the date of this Order, at the offices of Dreier Stein Kahan Browne Woods George LLP, 1620 26th Street, Sixth Floor, North Tower, Santa Monica, California 90404;

5. Producing Sheldon A. Lenter and a 30(b)(6) witness, as directed in Plaintiffs' deposition notices that have been served upon Defendants, beginning on a date fourteen (14) days after the date of this Order, at the offices of Dreier Stein Kahan Browne Woods George LLP, 1620 26th Street, Sixth Floor, North Tower, Santa Monica, California 90404; and

6. Thereafter responding to any supplemental interrogatories, document requests or deposition notices from Plaintiffs within ten (10) days of their service;

7. That Plaintiffs are also hereby permitted to serve expedited discovery requests upon the same terms described above upon any persons that Plaintiffs discover are acting in concert with Defendants, including, but not limited to, any manufacturers or sources of Defendants' Infringing Safes;

RECALL:

E. That, within seven (7) after the date Defendants have been ordered to comply, Defendants shall send a letter by United States mail, in a form and on a date approved by Plaintiffs, to each of Defendants' customers to whom they have sold Infringing Safes instructing them not to sell these products, indicating that

//
//
//
//
//
//
//
//
//
//
//
//
//
//

1  Defendants shall refund to them the cost of these products, and requiring them to
2  return these products to Defendants' location at Defendants' expense;
3  PRELIMINARY INJUNCTION:
4      F.    In accordance with Rule 65(b), that hearing on Plaintiffs' motion for a
5  preliminary injunction shall be held on April 22 2008, at 10 A.M., at the
6  United States Court House for the Central District of California, Western Division,
7  312 N. Spring St., Los Angeles, California.
8      IT IS SO ORDERED:

April 8, 2008
9:04 am

RONALD S.W. LEW

Hon. _____**RONALD S.W. LEW**_____
United States District Court Judge

RESPECTFULLY SUBMITTED,

DREIER STEIN KAHAN BROWNE
WOODS GEORGE LLP


By
Andrew F. Kim
Attorneys for Plaintiffs
PEPSICO, INC., NEW CENTURY
BEVERAGE COMPANY and THE
CONCENTRATE MANUFACTURING
COMPANY OF IRELAND, also trading as
SEVEN-UP INTERNATIONAL