SCAN

FILED
CLERK, U.S. DISTRICT COURT

APR 21 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  DREIER STEIN KAHAN
   BROWNE WOODS GEORGE LLP
2  Andrew F. Kim (No. 156533)
   akim@dreierstein.com
3  William A. Finkelstein (No. 213382)
   wfinkelstein@dreierstein.com
4  The Water Garden,
   1620 26th Street, 6th Fl., North Tower
5  Santa Monica, CA 90404
   Telephone: (424) 202-6052
6  Facsimile: (424) 202-6252

7  PATTISHALL, MCAULIFFE, NEWBURY,
   HILLIARD & GERALDSON LLP
8  Jonathan S. Jennings (pro hac vice pending)
   J. Michael Monahan, II (pro hac vice pending)
9  David C. Hilliard (pro hac vice pending)
   311 South Wacker Drive, Suite 5000
10 Chicago, IL 60606
   Telephone: (312) 554-8000

11

12 Attorneys for Plaintiffs
   PEPSICO, INC., NEW CENTURY
13 BEVERAGE COMPANY, and THE
   CONCENTRATE MANUFACTURING
14 COMPANY OF IRELAND, also trading as
   SEVEN-UP INTERNATIONAL

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17 PEPSICO, INC., A North Carolina      | Case No. CV 08-02242 - RSWL
   corporation, NEW CENTURY              |
18 BEVERAGE COMPANY, a                   | **STIPULATED PRELIMINARY**
   California corporation, and THE       | **INJUNCTION**
19 CONCENTRATE                           |
   MANUFACTURING COMPANY                 | + ORDER
20 OF IRELAND, also trading as           |
   SEVEN-UP INTERNATIONAL, a             | thereon
21 corporation of the Republic of        |
   Ireland,                              |
22                                       |
            Plaintiffs,                  |
23                                       |
       vs.                               |
24                                       |
   IRIE MOTIVATIONS, INC. d/b/a          |
25 SAFE WORLD, a California              |
   corporation, WON TAK KONG, an         |
26 individual, EAGLE EYE                 |
   PRODUCTS, INC., a California          |
27 corporation, and SHELDON A.           |
   LENTER, an individual,                |
28

STIPULATED PRELIMINARY INJUNCTION

Defendants.

This Stipulated Preliminary Injunction is entered into by and between Plaintiffs, PepsiCo, Inc. ("PepsiCo"), New Century Beverage Company ("NCB"), and The Concentrate Manufacturing Company of Ireland, also trading as Seven-Up International ("CMCI") (PepsiCo, NCB, and CMCI are hereinafter collectively referred to as "Plaintiffs"), and Defendants, Eagle Eye Products, Inc. and Sheldon A. Lenter, (collectively, "Eagle Eye"), as follows.

1. Plaintiffs filed their Complaint against Eagle Eye on April 4, 2008.

2. Plaintiffs served the complaint and an application for temporary restraining order April 4, 2008, at Eagle Eye's premises.

3. Eagle Eye has agreed to comply with the Proposed Order requested by Plaintiffs by:

    a. agreeing to send recall letters to its customers in a form and on a date agreed to by the parties;

    b. responding to Plaintiffs' expedited discovery requests, subject to a schedule agreed to by the parties; and

    c. agreeing to identify Eagle Eye's sources for: (i) bottle safes bearing infringing PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MANZANITA SOL and MUG trademarks ("Infringing Bottle Safes"); and (ii) can safes bearing infringing PEPSI, DIET PEPSI, MOUNTAIN DEW, MUG and SIERRA MIST trademarks ("Infringing Can Safes").

4. The parties agree that Plaintiffs have met the requirements necessary to establish their entitlement to a preliminary injunction under Rule 65.

5. The parties agree to waive the right to a hearing pursuant Rule

-2-
STIPULATED PRELIMINARY INJUNCTION

65(b) of the Federal Rules of Civil Procedure.

6. The parties agree to waive as unnecessary any bond or other security for this preliminary injunction order pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

Accordingly, IT IS STIPULATED AND AGREED between and among the parties, subject to the Court's approval, that:

1. Defendants, Eagle Eye Products, Inc. and Sheldon A. Lenter, and their agents, servants, employees, officers, attorneys, successors and assigns, and all persons in active concert or participation with them who receive actual notice of this Order, are enjoined and restrained during the pendency of this action from:

   a. manufacturing, distributing, selling, offering for sale, holding for sale, advertising, hiding or destroying products consisting of bottle safes, can safes or any other concealment devices bearing the PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MANZANITA SOL and MUG trademarks, any colorable imitations thereof, or any other trademark owned by Plaintiffs (hereinafter "Infringing Safes");

   b. doing any other act or thing likely to confuse, mislead or deceive members of the public that the Infringing Safes emanate from Plaintiffs or are connected with, licensed, sponsored or approved by Plaintiffs;

   c. destroying, moving, hiding, distributing or otherwise disposing of any documents, equipment, machinery or things relating to the manufacturing, sale, distribution, advertising or promotion of the Infringing Safes, including documents and equipment relating to Eagle Eye's manufacture of the Infringing Safes, the identity of other sources or manufacturers of the Infringing Safes, Eagle Eye's distribution, sale, advertising and promotion of these Infringing Safes, and documents relating

-3-

to Eagle Eye's purchase or receipt of bottles, cans or labels bearing the PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MANZANITA SOL and MUG marks; it being recognized that such documents shall consist of any writings, correspondence, notes, books, e-mail messages, memoranda, invoices, purchase orders, receipts, pamphlets, reports, account books, rolodex information, calendars, photographs, slides, videotapes, films, drawings, sketches, illustrative materials, magnetic recording tapes, computer records or data, web sites, microfilm and other storage means by which information is retained in retrievable form, and all other materials whether printed, typewritten, handwritten, recorded or reproduced by any process and whether in final or draft form; and it being recognized that such machinery consists of any article of production by which the Infringing Safes are made, altered, fashioned or put into final form;

   d. contacting, or having someone else contact, any other sources, sellers or manufacturers of Infringing Safes, or any source of Eagle Eye's bottles, canisters, cans, labels or other components of the Infringing Safes until further order of this Court (except as part of the recall order detailed below); and

   e. assisting, aiding or abetting any other person or business entity in engaging in any of the activities prohibited in subparagraphs (a) through (d) above.

  2. Eagle Eye shall:

   a. provide written notice through a letter sent by U.S. mail, in a form and on a date approved by Plaintiffs, to each of their customers to whom they have sold Infringing Safes instructing them not to sell these products, indicating that Eagle Eye shall refund to them the cost of these products, and requiring them to return these products to Eagle Eye's locations at Eagle Eye's expense; and

    b. confirm to Plaintiffs their compliance with this recall order by executing a declaration and serving it on Plaintiffs within seven (7) days of complying with this recall order.

  3. Eagle Eye shall continue to comply with Plaintiffs' discovery requests served with the application for temporary restraining order, and any subsequent discovery requests, subject to the agreement of the parties.

  4. Eagle Eye shall continue to cooperate with Plaintiffs in identifying any other sources of the Infringing Safes whether or not they are related to Eagle Eye.

  5. Eagle Eye shall cooperate with the foregoing requests, as well as all other reasonable requests of Plaintiffs. In light of its continued cooperation, Plaintiffs agree to extend the deadline for Eagle Eye to answer the Complaint in this matter. However, should Plaintiffs, in their sole discretion, determine that Eagle Eye is not cooperating, Plaintiffs shall give written notice to Eagle Eye via certified mail and Eagle Eye shall have 14 days from the date that the notice is sent in which

//
//
//
//
//
//
//
//
//
//
//
//
//

-5-

STIPULATED PRELIMINARY INJUNCTION

1  to file its answer or responsive pleadings. Plaintiffs will not seek a default against
2  Eagle Eye until after this 14-day period.

**SO STIPULATED:**

DATED: April 16, 2008

DREIER STEIN KAHAN
BROWNE WOODS GEORGE LLP
Andrew F. Kim
and
PATTISHALL, McAULIFFE, NEWBURY
HILLIARD & GERALDSON LLP
Jonathan S. Jennings
J. Michael Monahan, II
David C. Hilliard

BY: /s/ Andrew F. Kim
ANDREW F. KIM

ATTORNEYS FOR PLAINTIFFS, PEPSICO, INC., NEW CENTURY BEVERAGE COMPANY, and THE CONCENTRATE MANUFACTURING COMPANY OF IRELAND, also trading as SEVEN-UP INTERNATIONAL

DATED: April 15, 2008

By: Eagle Eye Products, Inc.
Defendant, EAGLE EYE PRODUCTS, INC.

DATED: April 15, 2008

By: /s/ Sheldon A. Lenter
Defendant, SHELDON A. LENTER

**IT IS SO ORDERED:**

Dated: April 21, 2008

RONALD S.W. LEW
_____
Hon. Ronald S. W. Lew
United States District Court Judge

-6-
STIPULATED PRELIMINARY INJUNCTION

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Dreier Stein Kahan Browne Woods George LLP, 1620 26TH Street, 6th Floor, North Tower, Santa Monica, California 90404.

On April 18, 2008, I served a true copy of the within documents:

**STIPULATED PRELIMINARY INJUNCTION**

- ‥ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

  The above transmission was reported as complete and without error. Attached hereto is a copy of the respective transmission report, which was properly issued by the transmitting facsimile machine.

- X‥ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Monica, California, addressed as set forth below.

- ‥ by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight delivery service carrier, MAIL.

- ‥ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Won Tak Kong
IRIE MOTIVATIONS, INC. d/b/a SAFE WORLD
2530 Corporate Place, Suite 109
Monterey Park, CA 91754

Sheldon A. Lenter
Eagle Eye Products, Inc.
8136 Deering Avenue
Canoga Park, CA 91304

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed April 18, 2008, at Santa Monica, California.

*Linda Sepulvado*
Linda Sepulvado