DREIER STEIN KAHAN
  BROWNE WOODS GEORGE LLP
Andrew F. Kim (No. 156533)
akim@dreierstein.com
William A. Finkelstein (No. 213382)
wfinkelstein@dreierstein.com
The Water Garden,
1620 26th Street, 6th Fl., North Tower
Santa Monica, CA 90404
Telephone: (424) 202-6052
Facsimile: (424) 202-6252

PATTISHALL, MCAULIFFE, NEWBURY,
  HILLIARD & GERALDSON LLP
Jonathan S. Jennings (pro hac vice pending)
J. Michael Monahan, II (pro hac vice pending)
David C. Hilliard (pro hac vice pending)
311 South Wacker Drive, Suite 5000
Chicago, IL 60606
Telephone: (312) 554-8000

Attorneys for Plaintiffs
PEPSICO, INC., NEW CENTURY
BEVERAGE COMPANY, and THE
CONCENTRATE MANUFACTURING
COMPANY OF IRELAND, also trading as
SEVEN-UP INTERNATIONAL

FILED
CLERK, U.S. DISTRICT COURT

APR 29 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPSICO, INC., A North Carolina corporation, NEW CENTURY BEVERAGE COMPANY, a California corporation, and THE CONCENTRATE MANUFACTURING COMPANY OF IRELAND, also trading as SEVEN-UP INTERNATIONAL, a corporation of the Republic of Ireland,<br><br>Plaintiffs,<br><br>vs.<br><br>IRIE MOTIVATIONS, INC. d/b/a SAFE WORLD, a California corporation, WON TAK KONG, an individual, EAGLE EYE PRODUCTS, INC., a California corporation, and SHELDON A. LENTER, an individual, | Case No. CV 08-02242 - RSWL<br><br>**STIPULATED PRELIMINARY INJUNCTION** AND ORDER |

STIPULATED PRELIMINARY INJUNCTION

Defendants.

This Stipulated Preliminary Injunction is entered into by and between Plaintiffs, PepsiCo, Inc. ("PepsiCo"), New Century Beverage Company ("NCB"), and The Concentrate Manufacturing Company of Ireland, also trading as Seven-Up International ("CMCI") (PepsiCo, NCB, and CMCI are hereinafter collectively referred to as "Plaintiffs"), and Defendants, IRIE Motivations, Inc., d/b/a "Safe World," Won Tak Kong, a/k/a "David Kong," (collectively, "Safe World"), as follows.

1. Plaintiffs filed their Complaint against Safe World on April 4, 2008.

2. Plaintiffs served the complaint and an application for temporary restraining order April 14, 2008, at Safe World's premises.

3. Safe World has agreed to comply with the Proposed Order requested by Plaintiffs by:

    a. agreeing to send recall letters to its customers in a form and on a date agreed to by the parties;

    b. responding to Plaintiffs' expedited discovery requests, subject to a schedule agreed to by the parties; and

    c. agreeing to identify Safe World's sources for: (i) bottle safes bearing infringing PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MANZANITA SOL and MUG trademarks ("Infringing Bottle Safes"); and (ii) can safes bearing infringing PEPSI, DIET PEPSI, MOUNTAIN DEW, MUG and SIERRA MIST trademarks ("Infringing Can Safes").

4. The parties agree that Plaintiffs have met the requirements necessary to establish their entitlement to a preliminary injunction under Rule 65.

5. The parties agree to waive the right to a hearing pursuant Rule 65(b) of the Federal Rules of Civil Procedure.

6. The parties agree to waive as unnecessary any bond or other security for this preliminary injunction order pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

Accordingly, IT IS STIPULATED AND AGREED between and among the parties, subject to the Court's approval, that:

1. Defendants, IRIE Motivations, Inc., d/b/a "Safe World," Won Tak Kong, a/k/a "David Kong," and their agents, servants, employees, officers, attorneys, successors and assigns, and all persons in active concert or participation with them who receive actual notice of this Order, are enjoined and restrained during the pendency of this action from:

   a. manufacturing, distributing, selling, offering for sale, holding for sale, advertising, hiding or destroying products consisting of bottle safes, can safes or any other concealment devices bearing the PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MANZANITA SOL and MUG trademarks, any colorable imitations thereof, or any other trademark owned by Plaintiffs (hereinafter "Infringing Safes");

   b. doing any other act or thing likely to confuse, mislead or deceive members of the public that the Infringing Safes emanate from Plaintiffs or are connected with, licensed, sponsored or approved by Plaintiffs;

   c. destroying, moving, hiding, distributing or otherwise disposing of any documents, equipment, machinery or things relating to the manufacturing, sale, distribution, advertising or promotion of the Infringing Safes, including documents and equipment relating to Safe World's manufacture of the Infringing Safes, the identity of other sources or manufacturers of the Infringing Safes, Safe World's distribution, sale,

advertising and promotion of these Infringing Safes, and documents relating to Safe World's purchase or receipt of bottles, cans or labels bearing the PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, AQUAFINA, MANZANITA SOL and MUG marks; it being recognized that such documents shall consist of any writings, correspondence, notes, books, e-mail messages, memoranda, invoices, purchase orders, receipts, pamphlets, reports, account books, rolodex information, calendars, photographs, slides, videotapes, films, drawings, sketches, illustrative materials, magnetic recording tapes, computer records or data, web sites, microfilm and other storage means by which information is retained in retrievable form, and all other materials whether printed, typewritten, handwritten, recorded or reproduced by any process and whether in final or draft form; and it being recognized that such machinery consists of any article of production by which the Infringing Safes are made, altered, fashioned or put into final form;

       d.    contacting, or having someone else contact, any other sources, sellers or manufacturers of Infringing Safes, or any source of Safe World's bottles, canisters, cans, labels or other components of the Infringing Safes until further order of this Court (except as part of the recall order detailed below); and

       e.    assisting, aiding or abetting any other person or business entity in engaging in any of the activities prohibited in subparagraphs (a) through (d) above.

    2.    Safe World shall:

       a.    provide written notice through a letter sent by U.S. mail, in a form and on a date approved by Plaintiffs, to each of their customers to whom they have sold Infringing Safes instructing them not to sell these products, indicating that Safe World shall refund to them the cost of these products, and requiring them to return these products to Safe World's

-4-

locations at Safe World's expense; and

   b. confirm to Plaintiffs their compliance with this recall order by executing a declaration and serving it on Plaintiffs within seven (7) days of complying with this recall order.

3. Safe World shall continue to comply with Plaintiffs' discovery requests served with the application for temporary restraining order, and any subsequent discovery requests, subject to the agreement of the parties.

4. Safe World shall continue to cooperate with Plaintiffs in

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP

identifying any other sources of the Infringing Safes whether or not they are related to Safe World.

**SO STIPULATED:**

DATED: April 29, 2008

DREIER STEIN KAHAN
  BROWNE WOODS GEORGE LLP
Andrew F. Kim
  and
PATTISHALL, McAULIFFE, NEWBURY
  HILLIARD & GERALDSON LLP
Jonathan S. Jennings
J. Michael Monahan, II
David C. Hilliard

BY: _____
ANDREW F. KIM

ATTORNEYS FOR PLAINTIFFS, PEPSICO, INC., NEW CENTURY BEVERAGE COMPANY, and THE CONCENTRATE MANUFACTURING COMPANY OF IRELAND, also trading as SEVEN-UP INTERNATIONAL

DATED: APRIL 29, 2008

BY: _____
DEFENDANT, IRIE MOTIVATIONS, INC., D/B/A "SAFE WORLD"

DATED: APRIL 29, 2008

BY: _____
DEFENDANT, WON TAK KONG, ~~A/K/A "DAVID KONG"~~

**IT IS SO ORDERED:**

Dated: April 29, 2008

RONALD S.W. LEW
_____
Hon. Ronald S. W. Lew
United States District Court Judge